IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN BEZEREDI, #56916-112                                                    PETITIONER

VERSUS                                      CIVIL ACTION NO. 5:16-cv-19-DCB-MTP

LORETTA LYNCH, Attorney General;
CHARLES E. SAMUELS, JR., Director of
Bureau of Prisons; and DAVE BREKEBILE,
Warden of Adams County Correctional Center,
Natchez, Mississippi                                                         RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Adams County Correctional Center, Washington, Mississippi, filed this petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241 on March 4, 2016. Upon review of the petition [1], along with the applicable case law, the court has reached the following conclusions.

**I.      Background**

Petitioner pled guilty in the United States District Court for the Central District of California and was sentenced to a 109-month term of imprisonment followed by three years of supervised release. Pet. [1] at 3; *see also United States v. Bezeredi*, 480 F. App'x 457, at *1 (9th Cir. 2012). Petitioner's convictions of mail fraud and telemarketing fraud against the elderly were affirmed by the United States Court of Appeals for the Ninth Circuit. *Id.* Petitioner subsequently filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court. Pet. [1] at 3. Petitioner states that his certificate of appealability to the appellate court was denied on December 8, 2014. *Id*. Petitioner then "filed a motion under rule 60(B)" in the sentencing court which was denied on January 8, 2015. *Id*.

As ground for relief in the instant § 2241 habeas, petitioner states that the portion of his sentence which "[i]mpos[es] supervised release on a removable defendant is both unnecessary and undesirable." Pet. [1] at 4. Petitioner goes on to argue that supervised release is usually applied to "those deportable aliens who consistently and illegally return to the United States to commit further crimes." *Id*. According to petitioner, he was extradited from Canada and was never illegally in the United States. *Id*. at 4-5. Petitioner therefore argues that "[t]here is no suggestion either in the judgment in this case or in the sentencing transcript of any need for an added measure of 'deterrence and protection' with respect to the Petitioner's case." *Id*. at 4. Petitioner therefore requests that "this Court grant appropriate relief by removing his supervised release from his sentence." *Id*. at 5.

**II.    Analysis**

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241 and "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Bradshaw v. Story*, 86. F.3d 164, 166 (10th Cir. 1996); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id*. at 452 (citing *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1114 (5th Cir. 1990); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-34 (5th Cir. 1987)). A habeas petition filed pursuant to § 2241 is not a substitute for a motion under § 2255. *Id*. (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *see also Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1962)).

In this case, Petitioner's ground for relief as well as the requested relief relate to matters that occurred at or prior to the sentencing. This claim, therefore, is not properly asserted under Section 2241. Petitioner, however, can resort to Section 2241 if he satisfies his burden of establishing the so-called "savings clause" of Section 2255, which "provides a means to petition the courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 345-46 (5th Cir. 2002); *see also Pack*, 218 F.3d at 452.

"To fall under this provision, petitioner must claim actual innocence and retroactivity." *Frees v. Maye*, No. 11–50296, 2011 WL 4349322, at *2 (5th Cir. Sept. 19, 2011) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)). As such,

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and* (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904 (emphasis added).

Petitioner's argument set forth in his petition [1] do not rely on a retroactively applicable Supreme Court case which establishes Petitioner was convicted of a "nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. Petitioner was convicted of mail fraud and telemarketing fraud against the elderly. Those crimes have never been retroactively voided. Thus, Petitioner fails to meet the first prong of the test. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (finding "[w]here the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense"); *see also Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (deciding that simply because Jeffers' jury

was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by *Reyes-Requena*). Because Petitioner was required to prove both prongs of the *Reyes-Requena* test to access the savings clause of § 2255, this Court need not address the second prong.

Furthermore, to the extent petitioner is arguing that his § 2255 remedy is inadequate or ineffective because he may be barred from filing a second or successive § 2255 motion, this argument is without merit. A petitioner's inability to file a § 2255 motion does not render the remedy under § 2255 inadequate or ineffective as necessary to proceed under the savings clause. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding prior unsuccessful § 2255 motion or inability to file a second or successive § 2255 motion does not render remedy inadequate or ineffective). The Court concludes that petitioner's claim fails to satisfy the "savings clause" test, therefore, he cannot proceed under the savings clause.

Finally, to the extent this Court could construe this claim pursuant to § 2255, the motion must be filed in the sentencing court. *See Ojo*, 106 F.3d at 683; *see also* 28 U.S.C. § 2255(a). Because Petitioner was sentenced in the United States District Court for the Central District of California, he is required to pursue his § 2255 motion in that court. This Court lacks jurisdiction to consider the motion.

### III.   Conclusion

As explained above, petitioner's claim is not properly pursued under § 2241 and petitioner has not met the requirements to proceed under the "savings clause." Consequently, this petition [1] for relief pursuant to § 2241 is dismissed with prejudice as frivolous, *see Pack*,

218 F.3d at 452, and, to the extent that the petition can be construed as a § 2255 motion, it is dismissed with prejudice for lack of jurisdiction, *see Kinder*, 222 F.3d at 212.

A final judgment in accordance with this memorandum opinion and order shall be issued.[1]

SO ORDERED, this the  11th   day of April, 2016.

     s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not required for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241.  *See Padilla v. United States*, 416 F. 424, 425 (5th Cir. 2005) (citing *Ojo*, 106 F.3d at 681-82).